[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Barbara Bedell, commenced this action claiming a dissolution of the marriage, alimony, a fair and equitable property settlement, exclusive use and possession of the marital residence, an assignment of the defendant's right, title and interest in the jointly owned real estate at 65 Buttertown Road, Waterford, Connecticut, and an allowance to prosecute. The trial of the matter was held on December 14, 1993, at which time both parties were present and both parties testified, and the Court finds the following facts as proven: CT Page 11146
(1) The plaintiff and the defendant intermarried on September 22, 1962, at Old Lyme, Connecticut.
(2) The plaintiff has resided continuously in the State of Connecticut for at least twelve months next preceding the filing of her complaint.
(3) The marriage between the parties has broken down irretrievably.
(4) There are no minor children issue of this marriage.
(5) The parties are separated and neither party is residing in the marital residence.
(6) The Court finds no fault on the part of either party with regard to the breakdown of the marriage. Both parties appear to be honest, straightforward and decent people. The wife had considerable medical difficulties with migraine headaches and back troubles involving spinal disc which, through no fault of hers, impacted negatively upon this marriage.
(7) The plaintiff is 49 years old and has some health problems which at the present time do not prevent her from working. She is presently working part-time with Arrow Line, Inc., a bus company, earning a gross pay of $137.39 per week and a net weekly wage of $94.01. She has worked longer hours. In fact, she testified she worked as much as 50 to 60 hours in the summertime which is the busy time for the business. She is presently living in a trailer and has her adult son living with her paying her a rental of $40 per week and a female friend also living with her who will be shortly paying her a weekly rental of $50 per week. This will give her a total net weekly income of $184.01. Plaintiff did not attend college and has no specialized training and has a work history which indicates an earning capacity of $10,000 to $12,000 per year.
(8) The defendant is 53 years old and is a retired state policeman receiving a pension of $464.32 a week gross and a net income of $398.86. The evidence indicated that the defendant has in the past had an earning capacity of approximately $50,000 in addition to his pension. However, the defendant is presently unemployed and has tried very hard to obtain a position that would make use of his skills both in the CT Page 11147 security field and the technological field. However, he presently has no income other than his $398.86 per week pension.
(9) The parties purchased what one of them characterized as their dream home at 65 Buttertown Road, Waterford, for the sum of $346,000. This property consisted of a home and seven acres and was used as a small farm. The mortgage indebtedness is approximately $252,000 and there is no equity whatsoever in the property. A foreclosure has been commenced. This dissolution comes at a financial low point in the lives of these two people, and this Court is unable to issue orders that could possibly solve their financial problems. The mortgage payment is in the vicinity of $1,700 per month and beyond the reach of any order that this Court could issue in view of the limited financial income of the parties. The only other asset which they have other than the real estate is a 1988 Nissan pickup truck which the plaintiff uses. The defendant leases an automobile.
After reviewing all of the facts found, the evidence presented and the statutory criteria set forth in Connecticut General Statutes 46b-81 and 46b-82, the Court enters the following orders:
(A) The marriage is dissolved.
(B) The plaintiff is awarded 50 percent of the defendant's Connecticut State Police pension and 50 percent of his future military reserve pension. Plaintiff is ordered to prepare a Qualified Domestic Relations Order with regard to both pensions, and the defendant is required to sign any and all documents and instruments necessary to effectuate this award. This Court will continue to retain jurisdiction to enforce these orders.
(C) The defendant is ordered to retain and keep in force the Connecticut State Police Association life insurance policy in the amount of $100,000 and to name the plaintiff as irrevocable beneficiary of said policy until the defendant reaches the age of 65. Defendant is further ordered to furnish the plaintiff any written authorization which she may request so that she may contact and receive information from the life. insurance company. Defendant shall furnish annually proof that said policy is in full force and effect and all of the premiums due thereon have been paid. CT Page 11148
(D) The defendant is to provide medical health insurance coverage for the plaintiff as a state employee retiree for the statutory period and the defendant is to pay one-half of the premium.
(E) The 1988 Nissan pickup truck shall be the sole and exclusive property of the plaintiff. The defendant is ordered to pay as alimony the sum of one dollar per year with the understanding that his obtaining employment will substantial change and the plaintiff will be entitled to seek a modification of this alimony award. The defendant is ordered to notify the plaintiff within seven days of his obtaining employment.
(F) The Court makes no order regarding the real estate since it does not appear to be of any value to either party.
(G) The Court finds an arrearage of $1,940 and orders that the escrow amount being held by counsel for the parties in the amount of $1,669.33 be paid to the plaintiff toward this arrearage. The remaining arrearage is to be paid by the defendant within six months.
(H) The defendant is further ordered to pay toward the plaintiff's attorney's fees the sum of $2,000, said sum to be payable within ninety days of his obtaining employment.
(I) Each party shall pay their respective debts as listed on their financial affidavits with the exception of the $5,000 debt due George Hoxie as listed on the defendant's financial affidavit. No order is made with regard to that debt.
R. T. O'Connell, J. CT Page 11149